# Gardner *v.* The State.

*Indictment for Forgery.*

1. *Original papers ; when not considered on appeal.*—A paper writing attached to the record, when there is no reference to it in the bill of exceptions by which it may be identified as an instrument introduced in evidence, and no order of the judge, as provided by the rule on the subject (Rule 23, Code, p. 803), directing that the original paper be sent up for inspection, cannot be considered on appeal.

2. *Forgery; what is subject of.*—An instrument in the following words and figures in the subject of forgery, under the statute (Code, § 3852): "November the 24, 1891. Mr. Frank Youngblud please oblige me Now and i will pay you soon as i come to town let Jim Jones [or James] have as much as ten dollarlars dear Sir it oblige me Gabe King and give him a bill for the money."

3. *Declarations of defendant on delivering forged instrument.*—On a trial for the forgery of an order to pay money, it is competent for the State to prove that when the defendant presented it he said that it was an order from the person whose name was signed to it.

4. *Evidence as to sanity; presumption on appeal to support admissibility of opinion of witness.*—The bill of exceptions showing that a witness, before giving his opinion that he "regarded the defendant as perfectly sane," stated "the means of his information, and the special facts and circumstances," it will be presumed, on appeal, that the facts stated by the witness were sufficient to justify the admission of his opinion as evidence.

5. *Exception to disconnected sentence or part of charge.*—Where there is an exception to a disconnected sentence or part of a charge, the remainder of which is omitted from the bill of exceptions, it will be presumed on appeal that the whole charge, construed together, was without error.

6. *Evidence of defendant's sanity, after commission of offense.*—On a trial for forgery, the defendant having introduced evidence tending to show that he was an imbecile, evidence introduced by the State tending to show that he was sane after the commission of the offense is admissible.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The indictment in this case charged that the defendant, Zack Gardner, "with intent to injure or defraud, did falsely make, alter, or forge an instrument in writing in words and figures substantially as follows : 'Nov. 24, 1891. Mr. Frank Youngblood please oblige me now and I will pay soon as I come to town. Let Jim Jones have as much as ten dollars dear Sir and it. Oblige me. Gabe King and give him a bill for mon-rey.'" The bill of exception recites : "The State introduced the alleged forged instrument in

evidence; to which introduction the defendant objected, 1st, because there was a variance between the instrument thus offered in evidence and the description in the indictment of the alleged forged instrument; 2nd, because the alleged forged instrument as set forth in the indictment purported to be signed by one 'Gabe King,' when in fact in the instrument offered in evidence the last name or surname was unintelligible, being as readily read, 'Gabe Pimly,' as, 'Gabe King;' 3d, because the instrument was void. Which objection being overruled, the defendant duly excepted." Immediately below this part of the bill of exceptions as it is copied in the transcript, follows a paper writing, pasted to the margin of the transcript, of which the following is a copy, as the reporter is able to spell it out: "November the 24 1891 Mr. Franck Youngblud please oblige me Now and i will pay you soon as i Come to town let Jim Jones [or James] have as much as ten dollailars. dear Sir it oblige me Gabe King [or pimely] and give him a bill for the mon-rey [or moneny]." The State having offered evidence tending to prove the guilt of the defendant, evidence was introduced in behalf of the defendant tending to show that he was an imbecile, without the capacity to discriminate between right and wrong, or to refrain from doing wrong. Ross, the witness for the State whose testimony is referred to in the opinion, stated that he had charge of the county jail, and that he had never seen the defendant until he was delivered into his custody under this charge of forgery. The defendant objected to the testimony of this witness in reference to the sanity of the defendant, because the observations of the witness were subsequent to the alleged offense; and excepted to the overruling of this objection.

The bill of exceptions purports to set out all the evidence in the case. The defendant requested the court to give the following written charge, and excepted to its refusal: "If the jury believe the evidence, they will find the defendant not guilty."

R. L. WILLIAMS, for appellant.—The instrument admitted in evidence should have been excluded because of the variance, and because on its face it is unintelligible and incapable of defrauding any one, without averment and proof of extrinsic facts.—*Fomby v. State*, 87 Ala. 36; *State v. Street*, Am. Dec. 589; *Donnell v. United States*, 39 Am. Dec. 457; *Abbott v. State*, 59 Ind. 73.; *May v. Miller*, 27 Ala. 515; *Butler v. State*, 22 Ala. 43. The evidence as to what the de-

[Gardner v. The State.]

fendant said to Youngblood about the order being from Mr. King should have been excluded.—*Baysinger v. State*, 77 Ala. 63; *Allen v. State*, 74 Ala. 557. The evidence of the witness Ross should have been excluded. Testimony relating to the condition of the defendant's mind subsequent to the commission of the offense was inadmissible.

WM. L. MARTIN, Attorney-General, for the State.—The instrument described in the indictment is the subject of forgery, without reference to extrinsic facts.— *Williams v. State*, 61 Ala. 33; *Allen v. State*, 74 Ala. 557; *Baysinger v. State*, 77 Ala. 63. The paper attached to the transcript is not a part of the record.—*Pruitt v. McWhorter*, 74 Ala. 557; *Wright v. Dunklin*, 83 Ala. 317. What the defendant said when he presented the order was admissible.—*Baysinger v. State*, 77 Ala. 63. The testimony of the witness Ross was properly admitted.—*Parsons v. State*, 81 Ala. 577; *Ford v. State*, 71 Ala. 385; *Boswell v. State*, 63 Ala. 307; *McAllister v. State*, 17 Ala. 434; *McLean v. State*, 16 Ala. 672; 2 Bishop Crim. Pro. § 674.

COLEMAN, J.—The defendant was convicted of the offense of forgery, and sentenced to the penitentiary. The first exception reserved is as to the admission in evidence of the instrument charged to have been forged, upon the grounds that there is a variance between the instrument and that described in the indictment. The bill of exceptions does not pretend to set out the instrument itself, either *in verba*, or substantially.

A paper writing attached to the record, when there is no reference to it in the bill of exceptions by which it may be identified as the instrument introduced in evidence, and no order of the judge, as provided in Rule 23, page 803 of the Code, directing that the original paper be sent up for the inspection of this court, can not be considered on appeal. See Rule 23, *supra; Pruitt v. McWhorter*, 74 Ala. 315; *Wright v. Dunklin*, 83 Ala. 317. But, if we could consider it, the instrument sent up is clearly the subject of forgery within the express provision of the statute (Code, § 3852); and there is no material variance, if there is any whatever, between it and that described in the indictment.—*Baysinger v. State*, 77 Ala. 63; *Allen v. State*, 74 Ala. 559.

It was competent for the State to prove that, when the defendant presented the order, he said, "Here is an order from Mr. King." Such a statement tended to show that

[Gardner v. The State.]

the name attached to the order, so far as it affected the defendant, was properly stated in the indictment.—*Baysinger State, supra*, p. 65.

It was competent for the witness Ross to testify that he "regarded the defendant as being perfectly sane." The bill of exceptions states that, "before giving this opinion, the witness stated the means of his information and the special facts and circumstances." The "means and facts and circumstances" are not set out, and we can not presume that they were not sufficient to authorize the introduction of the evidence. The rule uniformly held in this State was fully complied with, before the introduction of the testimony.—*Ford v. State*, 71 Ala. 397; *In re Carmichael*, 36 Ala. 514; *Norris v. State*, 16 Ala. 778; *Parsons v. State*, 81 Ala. 597. The only plea of the defendant was that of "not guilty."—*Maxwell v. State*, 89 Ala. 151.

An exception was taken to the following portion of the charge given by the court to the jury: "What was the defendant's intentent in this matter? That is, if you find that the defendant did utter this instrument you must find from all the evidence." It has been settled law in this State too long to be now questioned, that an indictment for forgery under our statute will be sustained, and a conviction may be properly had, upon proof that the defendant with fraudulent intent and guilty knowledge uttered the forged instrument.—*Bishop v. State*, 30 Ala. 39; *Harrison v. State*, 36 Ala. 251; *McGuire v. State*, 37 Ala. 162; *Hobbs v. State*, 75 Ala. 6.

A disconnected sentence or part of a charge, although it does not describe all the constituents of the offense, will not of itself work a reversal. Where the whole charge given by the court *ex mero motu* is set out, the several parts must be construed together, and each part construed in the light of its context. Where, as in the present case, a mere passage or statement of the charge is excepted to, omitting the remainder of the charge, we must presume that the court had properly charged the jury in regard to the fraudulent intent or purpose which actuated the defendant, and followed it by the statement to which the exception is reserved.—*Montgomery & Eufaula R. R. v. Stewart*, 91 Ala. 427; *Williams v. State*, 83 Ala. 70; *Marx v. Lienkauff*, 93 Ala. 464.

Evidence of the condition of the defendant's mind, both before and after the commission of the offense, is admissible. *McAllister v. State*, 17 Ala. 437; 2 Greenl. Ev. § 371. *McLean v. The State*, 16 Ala. 672.

We find no error in the record, and the judgment must be affirmed.