# Frieder et al. v. B. Goodman Manufacturing Co.

## *Attachment Suit.*

1. *Comments or notes of clerk of trial court in transcript; when not considered on appeal.*—The clerk of the trial court, in making out a transcript to be used on appeal as the record of the orders of the court and the proceedings of the trial, should transcribe only the orders and judgment of the court as they are entered, and should never incorporate in such transcript any matter or any comments or notes of his own. Such matters, or comments, or notes, if included in the transcript, will not be considered on appeal.

2. *Appeal; when original papers sent up.*—The clerk of the trial court has no authority to take from the files of any suit in his office, an original paper and send it to the appellate court, except upon the order or ruling of the judge or chancellor, when in their opinion it is necessary.

3. *Exception to ruling of trial court; how preserved.*—The record of an exception to the ruling of a trial court can not be secured or preserved by the clerk of such court making immediately after the recital of the ruling an entry in which it is stated that the party against whom the ruling was made reserved an exception, and to which entry

[Frieder et al. v. B. Goodman Manufacturing Co.]

is signed the name of the attorney reserving the exception; it is the duty of the court to note the exception by either party litigant to his ruling, and this noting constitutes the evidence of the reservation of such exception.

4. *Rulings on motions; how shown to be reviewed on appeal.*—The rulings of a trial court on motions, which are not entered in the minutes, must be presented on appeal by bill of exceptions; and unless thus presented, such rulings will not be reviewed.

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the Hon. S. H. SPROTT.

This was an attachment suit, brought originally by the B. Goodman Manufacturing Company against the Southern Suspender Company, to recover an amount due the plaintiff on a promissory note. William Frieder, the appellant, was afterwards made a party defendant, as being the sole owner of the stock of the defendant company.

The original complaint, affidavit for attachment, bond, and writ of attachment were against the Southern Suspender Manufacturing Company. Motion was afterwards made by the plaintiff to amend its complaint, affidavit, bond, and writ of attachment in said cause, by inserting the name of William Frieder, who was the sole owner and proprietor of the Southern Suspender Manufacturing Company; and in said motion the plaintiff averred that the Southern Suspender Manufacturing Company was formerly a body corporate, but that all of its stock and property had passed into the ownership of William Frieder, and that the said Frieder continued to make contracts and to do business in the name of the Southern Suspender Manufacturing Company. The plaintiff also moved the court to allow the sheriff to amend his return to the writ of attachment so as to show that the notice of the levy of said attachment was served upon William Frieder. These motions were granted. The transcript contains no bill of exceptions, nor are the complaint, affidavit, bond, and writ of attachment, as amended, set out in the transcript. The other material facts are sufficiently stated in the opinion of the court.

There was judgment for plaintiff, and the defendant Frieder appeals. The assignments of error are that the court erred in granting the motions of the plaintiff to allow the amendments of the complaint, affidavit, bond, writ of attachment; and sheriff's return, and that the

court erred in rendering judgment against William Frieder.

WILLIAM COCHRAN FITTS, for appellants.

J. M. FOSTER, contra.

COLEMAN, J.—This cause was submitted to be considered, first, upon the motion of the appellee, for a writ of *certiorari* to the clerk of the circuit court commanding him to certify to this court a perfect record; and, if this motion is overruled, then the cause is to be considered upon its merits. Affidavits are submitted in support of the motion, and also a counter affidivit by the appellant. We here observe that a clerk, in making out a transcript to be used on appeal as the record of the orders of a court and the proceedings of a trial, should never incorporate any matter or any comments or notes of his own in the transcript. He performs his entire duty, when he transcribes the orders and judgments of the court as they are entered. There is no bill of exceptions in this case. We find an entry made by the clerk, to the effect "that the amendments made in pursuance to the rulings of the court are shown forth in this record by being underscored with red ink." There is nothing in the record of the orders of the court which authorized the clerk to insert any such note, as a part of the transcript. It is further stated by the clerk that "the original affidavit, bond and writ of attachment, as changed by amendment, are here attached by the clerk for the inspection of the supreme court." The clerk has no authority to take from the files of any suit an original paper, and send it to this court. It is only upon the order or rule of the judge or chancellor, and when in their opinion it is necessary, that such original paper is transmitted to this court. Proper orders are then made for its preservation. See Rule 20, page 803 of the Code.

Just after an entry of record granting a motion made by plaintiff to amend the attachment proceedings, the following entry appears : "At the time of the granting of this motion the defendant reserved an exception to the granting of the same." To this the attorney's name taking the exception is signed. It is the duty of the court to note the exceptions to his ruling, and this is the evi-

dence that an exception has been reserved. The attorney's name of record entry has no office to perform in securing or preserving an exception to the ruling of the court allowing an amendment.

The appellant certainly had the right to have a copy of the original attachment papers made a part of the record, and upon his motion, with proper showing, this court would have ordered the clerk to send up a complete and perfect record, but his attitude is that of resisting the motion of the appellee for a *certiorari*. Under the view we take of the case, the objections to the record designated by the appellee do not injuriously affect his interest. The appearance in court of William Frieder by his authorized attorney is for all purposes as effective as service of summons. The voluntary contributions to the transcript record by the clerk, whether emphasized by red ink, or in the matter of directing the attention of this court to "original papers," will not be considered.

Questions upon orders of the court allowing amendments upon motion of the plaintiff have been argued in briefs of counsel, but these questions are not presented in such a way as to authorize this court to consider them. They should have been presented by bill of exceptions. There is nothing of record to show what was moved for, and what allowed. Motions entered upon the motion docket are no part of the record, unless entered on the minutes, or shown by bill of exceptions, neither of which was done as appears from the record before us. The judgment must be affirmed.