# Culliver *v.* The State.

### Murder.

(Decided November 14, 1916.  73 South. 556.)

1. **Name; Idem Sonans.**—The name "Culliver" is idem sonans with "Cullifer."

2. **Appeal and Error; Review; Presumption.**—The oral charge of the court must be construed as a whole, and where a part of the oral charge is excepted to, and such part is inserted in the bill of exceptions, but the other parts of the oral charge are omitted, the appellate courts will presume that the trial court properly instructed the jury.

[Culliver v. The State.]

3. **Homicide; Evidence.**—Where the evidence showed that defendant fired two shots at deceased, who immediately closed in and engaged him in a tustle, and that while so engaged the mother and sister of deceased intervened, whereupon defendant ran a few steps and then turned and pointed his pistol at the two women, the evidence of his having so pointed the pistol is part of the res gestae.

4. **Same; Instruction; Degree of Proof.**—A charge asserting that before the jury can convict they must be satisfied to a moral certainty, not only that the proof is consistent with defendant's guilt, but is wholly inconsistent with every other rational conclusion, and unless they are so convinced that they would each venture to act upon that decision in matters of highest concern to their own interest, they must acquit, was properly refused, having been often condemned.

5. **Same.**—A charge asserting that while it is often true that a preponderance of the evidence will lead the mind to a conclusion, yet when human life or liberty is at stake, reasonable doubt is not always essential to a necessary conclusion, asserts an abstract argument, and is properly refused.

6. **Same; Provoking Difficulty.**—A charge instructing that an assault on the part of deceased upon defendant would not justify defendant in using a deadly weapon to defend himself against such assault is a charge upon the effect of evidence as well as invasive of the province of the jury, and its giving was error.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Dave Culliver was convicted of manslaughter, and he appeals. On Rehearing. Reversed and remanded.

The following is the excerpt from the general charge:

I charge you, gentlemen of the jury, that an assault on the part of deceased upon defendant would not justify or excuse defendant in the use of a deadly weapon in resisting or defending himself against such an assault on the part of deceased.

Charge 1, refused to defendant, is as follows:

Before the jury can convict defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with defendant's guilt, but that it is wholly inconsistent with every other rational conclusion; and, unless the jury are so convinced of defendant's guilt by the evidence that they would each venture to act upon that decision in matters of the highest concern and importance to his own interests, they must find defendant not guilty.

(2) It is often true that a preponderance of the evidence will necessarily lead the mind to a conclusion, but when human life or liberty is at stake, reasonable doubt is not always essential to a necessary conclusion. A necessary conclusion may logically ap-

pear to result, and yet all reasonable doubt be not removed. It is immaterial whether the doubt is to be removed by direct or by circumstantial evidence, since in every case, all reasonable doubt must be removed by the evidence in the cause before the accused can be convicted. No preponderance of evidence, however great, whether direct or circumstantial, unless it generates full belief of guilt to the conclusion of all reasonable doubt.

W. W. SANDERS, and H. L. MARTIN, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.—Appellant was indicted for murder; the jury found him guilty of manslaughter in the first degree.

(1) The plea in abatement, misnomer, was without merit. Appellant was indicted as "Dave Culliver." His true name according to the plea is "Dave Cullifer." They are idem sonans, and the court properly sustained the demurrer.—*Rooks v. State,* 83 Ala. 79, 3 South. 720.

(2) The next insistence is that the court erred in giving the part of the oral charge excepted to. This excerpt or fragment of the charge set out in the bill of exceptions consists of a single sentence. When considered alone, unaided by the context of the charge, the instruction is incomplete and faulty. Whether what followed qualified and explained what went before we are unable to say from the meager excerpt. In *Gardner's Case,* 96 Ala. 12, 11 South. 402, the court said: "A disconnected sentence or part of a charge, although it does not describe all the constituents of the offense, will not of itself work a reversal. Where the whole charge given by the court ex mero motu is set out, the several parts must be construed together, and each part construed in the light of its context. Where, as in the present case, a mere passage, or statement of the charge is excepted to, omitting the remainder of the charge, we must presume that the court properly charged the jury in regard to the fundamental intent or purpose which actuated the defendant, and followed it by the statement to which the exception is reserved."

(3) Counsel insists that the court was in error in permitting witnesses to testify that appellant drew his pistol on the mother and sister of deceased after the shooting had occurred. The evidence, in substance, shows that two shots were fired by appel-

lant at the deceased; that deceased, notwithstanding he was mortally wounded, closed in on the appellant and engaged him in a tussle; that while they were thus engaged, deceased's sister and mother ran up, and the former pulled the deceased's arm from around the neck of appellant, and at the time tried to take a pistol out of the hand of appellant. About this time appellant pulled himself loose, shoved the sister aside, and shoved his assailant into a ditch, where he almost immediately expired. Appellant, after pulling loose and shoving the deceased into the ditch, ran a short distance (some 2 or 3 steps, according to the testimony of the sister, Mrs. Matthews, and some 25 or 30 according to the testimony of the mother) and then turned and pointed his pistol at the two women. In this state of the evidence, we think the pointing of the pistol at the two women was properly admitted, not only as a part of the res gestæ, but also to show a hostile and malicious state of mind. It cannot be said that the act of pointing the pistol at the two women was an after matter, and not comprehended within the res gestæ; the incidents and details of the difficulty were so intimately related in point of time as to blend into one continuous transaction. *Smith's Case,* 88 Ala. 73, 7 South. 52, was where the accused pursued and shot at the companion of deceased. There it was held, as it must be here, that the pursuit of the companion was a part of one continuous transaction, and consequently a part of the res gestæ. See, also, *Williams' Case,* 147 Ala. 24, 41 South. 992; *Smith's Case,* 183 Ala. 24, 62 South. 864.

(4) Written request by appellant to charge numbered 1 was condemned in *Phillips' Case,* 162 Ala. 14, 50 South. 194.

(5) Appellant's request to charge numbered 2 is a mere abstract argument, without an accurate statement of principle, and was properly refused.

There is no error in the record, and the judgment of the court below is affirmed.

Affirmed.

### ON APPLICATION FOR REHEARING.

(6) Upon careful reconsideration of this matter, we are of the opinion that the trial court erred in giving that portion of its mero motu charge, set out in the bill of exceptions, in that said portion of the charge is upon the effect of the evidence and inva-

[Moran v. The State.]

sive of the province of the jury. For this reason, the application is granted, and the judgment of affirmance set aside.

Reversed and remanded.