(79 South. 143)
CULIFER v. STATE. (4 Div. 547.)

(Court of Appeals of Alabama. June 11, 1918.)

1. CRIMINAL LAW ☞193½—FORMER JEOPARDY — VERDICT OF MANSLAUGHTER — ACQUITTAL OF HIGHER DEGREE.

Defendant being charged with murder verdict of manslaughter in first trial operated as acquittal of higher degree of homicide.

2. CRIMINAL LAW ☞1182—REVIEW—AFFIRMANCE.

Bill of exceptions showing no ruling adverse to defendant, and all special charges requested by him having been given, judgment of conviction will be affirmed; evidence being conflicting on issues of defendant's peril and lack of fault, which were submitted by able charge.

Appeal from Circuit Court, Coffee County; H. B. Foster, Judge.

Dave Culifer was convicted of manslaughter, and appeals. Affirmed.

F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] This is the second appeal in this case. The first appeal will be found reported in 73 South. 556, 557.[1] On the first trial, the verdict was for manslaughter in the first degree, which operated as an acquittal of the higher degree of homicide, and on the second trial defendant was tried only for the offense of manslaughter in the first degree, resulting in his conviction of that offense and sentence to three years in the penitentiary.

[2] While there is a bill of exceptions in the record, it shows no rulings adverse to appellant, and it appears that all of the special charges requested by him were given. There was conflict in the evidence as to whether or not the defendant was in peril

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 15 Ala. App. 375.

when he fired the fatal shot, and as to whether or not he was free from fault. These issues were submitted to the jury by the able charge of the trial court, and we find nothing in the record that would justify us in disturbing the judgment appealed from.

Affirmed.