6 So.2d 10

**WESSON et al. v. TAYLOR.**

**5 Div. 339.**

Supreme Court of Alabama.

Jan. 15, 1941.

Rehearing Denied Feb. 19, 1942.

Walter Knabe and Jack Crenshaw, both of Montgomery, for appellants.

Sam W. Oliver, of Dadeville, for appellee.

BROWN, Justice.

This is the second appeal by the complainants. The bill is by the mortgagors against the personal representative of the mortgagee, filed pending proceedings to foreclose under the power of sale, to protect and enforce the equity of redemption. On the first submission on pleadings and proof the circuit court dismissed the bill, and on the taking of testimony ore tenus, before the court, sustained the objection of the solicitor for defendant to testimony elicited from the complainant, H. C. Wesson, testifying in behalf of complainants, to wit:

"Q. Now, Mr. Wesson, was that the only mortgage that you executed to Mr. Nolen? A. It was.

"Q. And that is the only transaction that you had with him?

"Mr. Oliver: We object.

"A. It was.

"Mr. Oliver: That is incompetent and irrelevant.

"The Court: Yes. I sustain the objection."

On the first appeal it was held that in these two rulings the circuit court erred, and the decree was reversed. Wesson et al. v. Taylor, 240 Ala. 284, 198 So. 848.

As to the check, in respect to which evidence was offered tending to show that it had been materially altered, it was observed: "The check is not before us, and we cannot affirm error in the ruling on its admissibility." Wesson et al. v. Taylor, supra.

The second submission was taken on a note of testimony, apparently, prepared by the solicitor of defendant, and certified to be correct and filed by the register. It offered in behalf of complainants, "the following testimony: 1st, Harvey C. Wesson and exhibits thereto; 2nd, Testimony of C. G. Collier; 3rd, Testimony of William Gray, Jr; 4th, Testimony of A. N. Ballentine and exhibits thereto," and 5th, decree of the court in respect to liquidation of the Tallapoosa County Bank, forming a predicate for secondary evidence taken as to Wesson's account in said bank. This embraced all the evidence on file in favor of complainants. Such note of testimony was not necessary, where as here all the evidence was given ore tenus before the trial judge who presided during the taking of the same on the first trial. Equity Rule 56, Code of 1940, Tit. 7, Appendix p. 1094.

The final decree recites: "This cause coming on to be heard is submitted for decree on pleading and proof as noted by the Register and upon testimony of witnesses taken orally before the Court."

All the cancelled checks and ledger sheets were exhibits to the testimony offered; and they are all in the record before us. The presumption must be indulged, in the absence of anything in the record to the contrary, that the court considered all the testimony and documents made exhibits thereto.

The check for $800, the verity of which was the major bone of contention on the trial and the ledger sheet shedding light thereon, are within the influence of Supreme Court Rule 24, Code of 1940, Tit. 7, Appendix p. 1013, and an order of the trial judge is essential to authorize the register to send up the original documents for consideration on this appeal. Frieder et al. v. B. Goodman Manufacturing Co., 101 Ala. 242, 13 So. 423; Southern R. Co. v. Leard, 146 Ala. 349, 39 So. 449. No such order appears to have been applied for or made.

The motion of appellants to require the register to send up the original documents is therefore denied.

The circuit court on the last submission ascertained the amount due on the mortgage debt and allowed the complainants to redeem by paying the balance so ascertained within thirty days. The time for redemption is extended so as to allow thirty days to redeem from the final disposition of the case there.

We find no errors on the record.

Affirmed. Motion overruled.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.