This appeal is from a summary judgment.
The action began on February 9, 1983 when the wife filed a complaint against the husband and First State Bank of Decatur. The initial complaint contained six counts which sought recovery for wrongful conversion of the wife's property. During the discovery process the complaint was amended three times for a total of twelve counts. Count eight was severed and the remaining eleven counts were tried before a jury and are not a part of this appeal.
The parties were divorced on June 24, 1980. The divorce decree incorporated a separation agreement which had been negotiated by the parties. Count eight alleged that the husband fraudulently misrepresented and concealed the nature and extent of the parties' assets and income at the time of the divorce and thereby fraudulently induced the wife to sign an unfair separation agreement and property settlement. There were also allegations that the husband and the attorney representing the wife during the divorce had perpetrated a fraud upon the court, because it had not been disclosed that the attorney had a conflict of interest and therefore was not looking out for the wife's interest even though he represented to the court that he was her attorney. The wife originally requested damages, but amended the demand for judgment to request that the decree be set aside pursuant to Rule 60 (b), Alabama Rules of Civil Procedure.
The husband filed a motion for summary judgment. A hearing on this motion was held on August 21, 1985. There were numerous depositions, affidavits, and answers to interrogatories before the court. Both parties submitted briefs at this time and requested additional time to study the briefs and file reply briefs. The request was granted.
On September 3, 1985 the wife amended her complaint. The amendment read in pertinent part: "The Plaintiff expressly offers to do equity, and she expressly submits herself to the jurisdiction of this court, a court of equity." On this same day, she filed a supplemental affidavit and her reply brief. Both of these documents contained statements of her "offer to do equity."
When a party desires to have a divorce decree set aside, that party must tender or offer to tender any money received in the divorce settlement. Levine v. Levine, 262 Ala. 491,80 So.2d 235 (1955); McLaughlin v. McLaughlin, 53 Ala. App. 545,302 So.2d 233 (Ala.Civ.App. 1974).
At the time of the hearing on the motion for summary judgment, the wife had made no offer to do equity. It has been stated that the only material which the trial court may consider on a motion for summary judgment is that which is before the court at the time of submission of the motion. Guessv. Snyder, 378 So.2d 691 (Ala. 1979) (hereinafter Guess).
In Guess, supra, the hearing on the summary judgment motion was held on March 2. The plaintiff in that case filed an affidavit on March 9, and the defendant's motion *Page 955 
for summary judgment was granted on March 14. The Alabama Supreme Court noted that there was no indication in the record that the trial judge was made aware of the tardy affidavit prior to his ruling on the motion for summary judgment. In its opinion the supreme court stated: "We are not to be understood as holding that the trial judge could not have considered the tardy affidavit if the record clearly indicated it had been presented to him before his ruling on summary judgment."
In the present case the motion for summary judgment was argued on August 21, 1985, and both parties submitted briefs at that time. At the hearing both parties requested additional time in which to study the other party's brief and submit reply briefs. This request was granted. The wife filed her reply brief, along with an amendment to her complaint and a supplemental affidavit, on September 3, 1985, which contained a statement concerning her "offer to do equity." Therefore, because the record clearly indicates that the wife's amended complaint, supplemental affidavit, and reply brief were submitted to the court prior to the time the motion for summary judgment was granted on September 23, 1985, we assume, absent a contrary showing in the record, that the trial court took wife's offer to do equity into consideration when it ruled on husband's summary judgment motion. See, Wesson v. Taylor,242 Ala. 340, 6 So.2d 10 (1941); O'Kelley v. Clark, 184 Ala. 391,63 So. 948 (1913).
Summary judgment should not be entered if there is a genuine issue of any material fact and the moving party is not entitled to a judgment as a matter of law. Jones v. Newton,454 So.2d 1345 (Ala. 1984); Rule 56 (c), A.R.Civ.P. If there is a scintilla of evidence supporting the position of the party against whom the motion is made, summary judgment is inappropriate. Barrett v. Farmers Merchants Bank,451 So.2d 257 (Ala. 1984).
In deciding whether a genuine issue of material fact exists, the trial court must view the evidence in a light most favorable to the nonmoving party and must draw all reasonable inferences therefrom in favor of the nonmoving party. Tripp v.Humana, Inc., 474 So.2d 88 (Ala. 1985).
The wife argues that the trial court erroneously granted summary judgment because the husband had argued that she was estopped from attacking the invalidity of the divorce decree because she had accepted its benefits.
She says that she offered in effect to return the marital home and the insurance policies she had been awarded but that she was unable to return the periodic alimony because she had spent that money for her and her daughter's support. The question, then, is whether the wife's offer to do equity is sufficient to permit her to say that the divorce decree is invalid.
An offer to do equity in effect shows a willingness to return what is necessary to be returned or to pay or offer to pay whatever is necessary to be paid. Woods v. Allison Lumber Co.,258 Ala. 282, 62 So.2d 229 (1952); Lansden v. Bone, 90 Ala. 446,8 So. 65 (1889).
In her supplemental affidavit, the wife states that she has the property awarded to her and that she offers to do equity. Also, in her reply brief to the trial court, the wife states that the money she received as periodic alimony has been spent to support herself and her child; nevertheless, she again offers to do equity.
Although both McLaughlin, supra, and Levine, supra, indicate that there must at least be an offer to return any money received under a divorce decree before it can be set aside, those cases did not involve periodic alimony. Those cases were concerned with an award of alimony in gross and a property settlement.
As noted in the Woods and Lansden cases, the wife has offered to pay whatever is necessary to be paid if the divorce decree is set aside. Therefore, the amount of the periodic alimony received by her and used as support since the divorce could be offset against any future award that might be made to her. *Page 956 
We consider wife's offer to do equity to be a sufficient compliance with McLaughlin, supra, and Levine, supra, and we do not consider wife to be estopped from attacking the validity of the divorce decree.
Wife next says that the trial court erred in granting summary judgment for husband on her claim that the divorce decree should be set aside because of fraud on the court. The wife had filed a Rule 60 (b), A.R.Civ.P., motion, asking that the divorce decree be set aside for fraud on the court.
A trial court has inherent authority to give relief from a judgment which is deemed invalid due to fraud practiced on the court by a party in the procurement of the judgment. Denton v.Sanford, 383 So.2d 847 (Ala.Civ.App. 1980). Also, in Brice v.Brice, 340 So.2d 792 (Ala. 1976), the supreme court held that a court had authority to set aside a divorce decree where fraud had been practiced on the court. In the Brice case the wife had failed to list $35,000 in debts when the parties were negotiating a settlement. The supreme court said fraud was practiced on the court when the court was asked to adopt the agreement without knowledge of the wife's indebtedness.
In the present case the husband handled all of the parties' business affairs during their thirty-eight years of marriage. The parties never had a joint checking account, and the wife was given an allowance every month for household expenses. The wife was never allowed to see the husband's bank statement, bank book, or checkbook. She signed the tax returns as directed by the husband, but she was never allowed to examine those returns. She indicated that she always considered her husband as the head of the house and put full faith and confidence in his handling of the family's financial affairs.
She admitted that she knew that they owned some stock, but never realized that their net worth was in excess of a million dollars, because the husband constantly represented "all we have is debts."
At the negotiations for the separation agreement, the husband represented that he could not pay $20,000 per year as support. There was evidence that the husband misrepresented the parties' worth to induce the wife to enter the separation agreement. Then the court was asked to adopt this agreement. Therefore, the trial court erred in concluding that there was no genuine issue of a material fact as to the question of fraud.
The summary judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur.