ROBERT M. PARKER, Retired Circuit Judge.
This is a workmen’s compensation case.
Roger Skelton sued B.F. Goodrich Company for workmen’s compensation benefits. After an ore terms hearing, the trial court found that Skelton was entitled to ten days’ compensation for temporary total disability under the workmen’s compensation laws.
On appeal the employer contends that the trial court failed to comply with section 25-5-88, Ala.Code (1975), in its finding of facts and conclusions of law as to require reversal. This code section “provides essentially that the judgment of the trial court shall contain a statement of the law applicable to the case, the facts as they relate to the law, and the resulting conclusions. Substantial compliance with this section will suffice.” Dees v. Daleville Florist, 408 So.2d 155, 156 (Ala.Civ.App. 1981). In reviewing the record in this case, we find there is substantial compliance with section 25-5-88 and, therefore, no reversible error.
The employer further alleges on appeal that the employee failed to meet the burden of proof in that the evidence presented failed to show that the injury he sustained rendered him unable to work or temporarily totally disabled in the time in question. The record reveals that Skelton was stepping off a forklift and hung his toe on a hook. To prevent a complete fall, he reached back and grabbed the steering wheel with his hand. The steering wheel partially turned and twisted his arm. Skel-ton was treated at the dispensary twice that day by putting ice on his wrist. Later that day he went to a chiropractor and got an adjustment to his back and neck. He then went to Dr. Hillard, the company doctor, who gave him a neck brace or collar, and who released him back to work on August 22, as he could not find anything *540 wrong with him. The employee contends that his arm and neck were so injured that he could not work and that he additionally took a week’s vacation to convalesce sufficiently to return to work. The employer contends that the employee had been going to the chiropractor since 1980 and that his neck condition, if any, did not arise from this incident.
“In workmen’s compensation cases our review of factual matters is limited to an examination of the evidence presented at trial to determine if there was any legal evidence to support the trial court’s findings.” Porter v. International Paper Co., 466 So.2d 146, 147 (Ala.Civ.App.1985). “The claimant bears the burden of proving a causal connection between his work and his injuries for his injuries to be compensable under the Alabama Workmen’s Compensation Act. Section 25-5-31, Code 1975.” Porter, 466 So.2d at 147.
The trial court saw and heard the testimony of the employee and observed his conduct and demeanor in the courtroom. After thoroughly examining the record before us, we cannot say that the trial court’s finding of ten days’ temporary total disability is unsupported by the facts. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.