BRADLEY, Presiding Judge.
This case involves an appeal from the denial of a 60(b) motion.
The parties to the present litigation were married on May 28,1969 and lived together until the time of their separation on December 5, 1985. After their separation the wife filed for divorce on grounds of incompatibility of temperament, physical and emotional abuse, and adultery.
On July 11, 1986 the parties appeared in open court and submitted a settlement agreement they had reached regarding the division of property, the payment of child support, and child custody. The agreement was dictated into the record and both parties stated in open court that they accepted the agreement. The settlement agreement provided that the husband would receive the parties’ family farm and an existing mortgage indebtedness thereon. The wife was to receive a cabin owned by the parties, $10,000 in cash, the parties' 1985 Grand Marquis automobile with an existing indebtedness of $10,000, various household furnishings, and a $23,000 mortgage previously owned by the parties. The trial court thereafter entered final judgment on the settlement agreement.
On August 5, 1986 the wife filed a motion for a new trial or in the alternative a motion to amend the prior decree. The trial court denied the wife’s motion on November 3, 1986. The wife subsequently filed a Rule 60(b) motion to have the prior judgment set aside pursuant to the provisions of Rules 60(b)(3) and 60(b)(6). See, Rules 60(b)(3) and (b)(6), Alabama Rules of Civil Procedure.
The trial court heard testimony on the wife’s Rule 60(b) motion in an ore tenus hearing on January 13, 1987. At the close of the evidence on the 60(b) motion the trial court took the motion under advisement and subsequently denied it on February 17, 1987.
The wife now appeals the trial court’s order and alleges that the lower court erred in its refusal to grant her requested Rule 60(b) relief.
As a general proposition, the grant of Rule 60(b) relief by a trial court is an extreme remedy to be employed only under exceptional circumstances. Piggly Wiggly, Inc. v. McCormick, 411 So.2d 789 (Ala.Civ.App.1981). Also, a trial court has wide discretion to set aside a judgment which it deems invalid because of fraud practiced by a party in the procurement of the judgment. See, Worthey v. Worthey, 491 So.2d 953 (Ala.Civ.App.1986). Finally, since the trial court does possess such wide *665 discretion to set aside a judgment on the basis of Rule 60(b), this court will reverse the trial court’s denial of Rule 60(b) relief only where it appears from the record that it abused its discretion. See, Tucker v. Tucker, 403 So.2d 273 (Ala.Civ.App.1981).
We note that while the wife filed a motion for a new trial within the time allowed by Rule 59(b), Alabama Rules of Civil Procedure, she did not appeal from the denial of this motion. Instead, the wife filed her motion for Rule 60(b) relief and subsequently appealed from the trial court’s denial of her Rule 60(b) motion. Thus, our review is limited to the grounds for which Rule 60(b) relief was sought and the matters presented in support of those grounds. See, Turner v. Turner, 462 So. 2d 734 (Ala.Civ.App.1984). Rule 60(b) is not a vehicle through which a party may seek relief from free, calculated, and deliberate choices. See, Snowden v. United Steelworkers, 435 So.2d 62 (Ala.1983). In exercising this standard of appellate review, this court is limited solely to a review of whether the trial court committed an abuse of discretion in denying the motion, and it will neither review the merits, nor the correctness, nor the equity involved in the underlying judgment. See, Douglass v. Capital City Church of the Nazarene, 443 So.2d 917 (Ala.1983).
The wife asserts that the judgment below was procured under fraud and duress; however, we are unable to find sufficient evidence of fraud in the record to warrant the reversal of the trial court’s denial of the Rule 60(b) relief.
Our review of the evidence presented on the wife’s motion for Rule 60(b) relief reveals that the wife was the bookkeeper for her husband’s business; thus, she possessed at least constructive knowledge of the parties' marital assets. Also, the record reveals that the wife was apprised of the terms of the agreement and voluntarily consented to them during the original divorce hearing. Finally, while the wife complains that the husband knew that an option to purchase some of the couple’s marital property was soon to be exercised and did not inform her of this fact, we are unable to locate any evidence in the record which affirmatively shows that the husband knew at the time of the divorce settlement agreement the option would be exercised.
The husband has requested an attorney’s fee for the prosecution of this appeal. His request is denied.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.