HOLMES, Judge.
This is an appeal from the granting of a “directed verdict” and the denial of a motion to set aside a divorce decree.
*668 The parties to this appeal were divorced on January 29, 1986, by a decree of the Circuit Court of Morgan County. The decree incorporated a separation agreement of the parties which, among other things, divided the parties’ real and personal property.
On May 23, 1986, the wife filed a motion to set aside the judgment of divorce, alleging that the agreement incorporated into the divorce decree was the direct result of fraud, misconduct, duress, and blackmail. Rule 60(b)(3) and (6), Alabama Rules of Civil Procedure. She contended that she signed the agreement only because the husband had certain “tapes” which he said he would “make public” if she did not sign the agreement.
At the close of the wife’s evidence, the trial court granted the husband’s motion for a “directed verdict,” thereby denying the wife’s motion to set aside the divorce decree pursuant to Rule 60(b). The trial court denied the wife’s motion for a new trial. Rule 59, A.R.Civ.P.
The wife, through able and distinguished counsel, appeals and we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in granting the husband’s motion for a “directed verdict.”
As a procedural matter, the granting of a “directed verdict” under Rule 50(a), A.R.Civ.P., is improper when the case is tried before a judge without a jury. However, a motion for a “directed verdict” in a nonjury case is a very common misnomer. While courts consider such motions upon their merits, we point out that the correct method of raising the sufficiency of the evidence in a nonjury trial is a Rule 41(b), A.R.Civ.P., motion for involuntary dismissal. Quick v. Director of Alabama Department of Industrial Relations, 398 So.2d 312 (Ala.Civ.App.1981). Therefore, the motion for a “directed verdict” should properly have been labeled a motion for an involuntary dismissal.
In a nonjury trial the court, in considering a Rule 41(b) motion for an involuntary dismissal, as ultimate trier of facts is free to weigh the evidence and the credibility of the witnesses. Feaster v. American Liberty Insurance Co., 410 So.2d 399 (Ala.1982); Rule 41(b), A.R.Civ.P. Dismissal under Rule 41(b) is an act within the discretion of the trial court and will not be set aside unless clearly erroneous or palpably wrong or unjust. Feaster, 410 So.2d 399.
The trial court granted the husband’s motion on the grounds that there was “no evidence of fraud, duress, threats or blackmail sufficient to allow relief to the [wife] under Rule 60(b)(3) or Rule 60(b)(6) of the Alabama Rules of Civil Procedure.”
We note that relief from a judgment under Rule 60(b), A.R.Civ.P., is proper only where the moving party shows exceptional circumstances which justify the relief. Montgomery v. Burchett, 456 So.2d 60 (Ala.1984). Additionally, in deciding a Rule 60(b) motion to set aside a judgment of divorce, the trial court has wide discretion and will be reversed only for an abuse of that discretion. Delchamps v. Delchamps, 449 So.2d 1249 (Ala.Civ.App.1984).
After a careful review of the record, we find that the trial court did not abuse its discretion in failing to set aside the divorce decree. The wife testified that she read the separation agreement prior to signing it and was aware that she had a right to have her attorney review the agreement. By her own admission there were no facts concealed from her before she signed the agreement. She further stated that the husband never threatened to hit her if she did not sign the agreement, nor did he threaten any harm to their children.
Although it appears that the wife may have in part signed the agreement so that certain “tapes” would not be admitted into evidence and/or made public, the testimony is that she read and signed the agreement by her own choice. Put another way, she could have refused to agree to the settlement and had her “day in court” with the possibility of the tapes being admitted into evidence. The power of Rule 60(b) is not for the purpose of relieving a party from free and deliberate choices which that par *669 ty has made. Musgrove v. Musgrove, 423 So.2d 881 (Ala.Civ.App.1982).
In view of the above, we cannot say that the trial court erred in its judgment in that there was no showing of exceptional circumstances which justify relief under Rule 60(b). The only evidence that the wife presented is the testimony that the husband had “tapes” which he would make public if they went to trial. It would appear that this alone certainly does not reach the level of exceptional circumstances which justify relief under Rule 60(b).
The wife also contends on appeal that the trial court erred in not awarding her an attorney fee for representation at trial. We disagree.
The power to award attorney fees in divorce cases is discretionary with the trial court. Blankenship v. Sparkman, 497 So. 2d 501 (Ala.Civ.App.1986). A decision to award or not to award an attorney fee in those instances where the court is authorized to make such a decision will not be set aside absent an abuse of that discretion. Dowdy v. Dowdy, 473 So.2d 1091 (Ala.Civ.App.1985). After reviewing the record and in view of our conclusion reached herein, we cannot say that the trial court abused its discretion in not awarding the wife an attorney fee.
Both parties request an attorney fee on appeal. Both requests are denied.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.