L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in June 1980. The wife filed a complaint against the husband and First State Bank of Decatur in February 1983. The wife amended her complaint to request that the divorce decree be set aside pursuant to Rule 60(b) of the Alabama Rules of Civil Procedure (A.R. Civ.P.).
This case has been before this court on a previous occasion when the wife appealed from the trial court’s grant of the husband’s motion for summary judgment. Worthey v. Worthey, 491 So.2d 953 (Ala.Civ.App.1986). We found that, because there was a genuine issue of material fact, the trial court improperly granted summary judgment, and the case was remanded for a hearing on the wife’s 60(b) motion.
The wife filed a motion, requesting that the trial judge recuse himself from sitting as a judge in this matter. After a hearing this motion was denied. The wife filed a petition for writ of mandamus with this court, requesting that the trial judge be required to recuse himself from presiding in this case. This petition was denied.
After a hearing the trial court issued an order which denied the wife’s motion to set aside the divorce decree. The wife filed a motion to reconsider or to alter, amend, or vacate the judgment. The wife’s post-trial motions were denied. The wife appeals.
The husband also filed post-trial motions. The parties were able to reach an agreement regarding some of these areas raised in the husband’s post-trial motions. The husband’s post-trial motion was denied in part. The husband filed a cross-appeal. However, in his brief filed in this court, the husband stated that he was abandoning his cross-appeal.
The trial court has broad discretion when determining whether to set aside a judgment pursuant to Rule 60(b) because the grant of relief under Rule 60(b) is an extreme remedy which should be employed only under exceptional circumstances. Reynolds v. Reynolds, 516 So.2d 663 (Ala.Civ.App.1987). Our standard of appellate review is limited to an examination of whether the trial court abused its broad discretion in denying the Rule 60(b) motion. We will not review the merits, the correctness, or the equity involved in the underlying judgment. Reynolds, 516 So.2d 663. This court will not uphold the trial court’s denial of Rule 60(b) relief in cases where the record reveals that the trial court abused its discretion. Reynolds, 516 So.2d 663.
The dispositive issue is whether the trial court abused its broad discretion when it denied the wife’s request to set aside the divorce decree pursuant to Rule 60(b).
The husband and wife met with an attorney regarding the wife’s decision to obtain a divorce. Because the divorce was uncontested, the attorney prepared the necessary papers on behalf of the wife. In her 60(b) motion the wife alleged that the husband and the attorney representing the wife during the divorce had perpetrated fraud upon the court.
*272 At the 60(b) hearing the wife called the attorney who prepared the divorce papers as her first witness. He testified that, on the day that he met with the husband and wife, the wife did most of the talking. She informed the attorney that she was to get the house and its contents, plus $20,000 per year, while the husband stated that he thought that she wanted $15,000 per year. The parties finally agreed on an amount between the two figures.
The attorney testified that he asked about what was to be done with the other property, and the wife stated, “I don’t want anything that Joe has.” The wife contends that she never made such a statement to the attorney. However, the trial court heard the witnesses and resolved any conflicts in the evidence. The usual presumptions of correctness attach to the trial court’s determination. Vaughn v. Carter, 488 So.2d 1348 (Ala.1986).
There was a modification of the divorce decree in November 1980, wherein the amount of alimony was increased retroactively to $20,000 per year.
The husband testified that in May 1981 he agreed to give the wife the dividend income from 5,020 shares of First State Bank (Bank) stock for her lifetime. However, he retained ownership of the stock and explained this to her very thoroughly.
In January 1982 the Bank declared a dividend and mailed a check for $3,765 to the wife. She testified as follows regarding her reaction to receiving this check:
“Early in January of 1982 I did receive a dividend check from the bank, which upset me dreadfully. I went to the phone and I called Joe at his office and I said — and this conversation is verbatim and I remember it — ‘Joe, I thought you said you would share the bank stock with me,’ to which he answered, ‘I did,’ and I said, ‘but I didn’t ever get anything from the bank confirming that I own any stock.’ He said, ‘but you got a dividend check, didn’t you,’ to which I answered ‘yes.’ He very lightly said, ‘what difference does it make,’ and I said, ‘it makes a lot of difference with me and if I own something I expect to update my will and say where that something is going to,’ to which he answered, ‘it goes back to me.’ I in turn said ‘so does the check,’ and I put it in the mailbox to go back to him at his office. I did not endorse it. I did not do anything about it.”
In May or June of 1981 the husband arranged for the wife to receive rental income from two pieces of rental property in Belle Mina. The wife testified that she accepted these payments of $215 per month for a period of eight months. After the incident with the dividend check, the wife sent a check for $1,720 to the husband to reimburse him for eight months of Belle Mina rental income.
The wife contends that she did not know that they had money at the time of the divorce. However, there was evidence that the husband and wife took numerous trips to Europe, Hawaii, California, Las Vegas, etc. The Wortheys had two boats —a houseboat and a “runabout” — and drove Lincoln Continentals, which they would trade in every three to four years. Therefore, there was sufficient evidence to support the trial court’s finding that the wife knew at the time of the divorce that the parties had a good income and enjoyed a fine lifestyle. We affirm the trial court’s denial of the wife’s 60(b) motion.
The wife also contends that the trial court erred when it refused to allow her to use the deposition of the attorney who prepared the divorce papers to impeach him during his testimony at the hearing and when it refused to allow the wife to question the attorney regarding the amount of fees paid to his firm by First State Bank during the year 1980.
At the hearing the following exchange occurred in regard to the use of the attorney’s deposition to impeach him:
“Q. Mr. Lentz, you recall that your deposition was taken in this case back in July 1983 over at your office?
“A. Yes, sir.
“Q. And I am sure you read the deposition, a copy of it?
“A. I did this morning.
*273 “Q. All right, sir. Now, would I not be correct — we went through about what was said. Would I not be correct that nowhere in that deposition was anything said about Mrs. Worthey saying, ‘I don’t want any property of Joe Worthey’?
“MR. PHILLIPS: Judge, I object to that. It’s an attempt to impeach his own witness.
“THE COURT: Sustained.”
We recognize that, in United Merchants & Manufacturers, Inc. v. Sanders, 508 So.2d 689 (Ala.1987), and Pope & Quint, Inc. v. Davis, 485 So.2d 1134 (Ala.1986), the Alabama Supreme Court accepted the interpretation of Rule 32(a)(1), A.R. Civ.P., contained in C. Gamble, McElroy’s Alabama Evidence § 165.01(6) (3d ed. 1977), that “any party can use a deposition to impeach any witness at any time.” However, Pope, 485 So.2d 1134, provided that impeachment of a witness with his deposition is allowed only if a proper foundation was laid and the evidence sought to be offered related to a material issue.
There is a certain method which must be used to impeach a witness using a prior inconsistent statement which is written. See Dunn v. State, 277 Ala. 39, 166 So.2d 878 (1964); 98 C.J.S. Witnesses § 604(a)(2), (c) (1957). Here, the deposition was not shown to the witness, and he was not questioned regarding any specific pages in the deposition. Further, we find that the con-clusory question propounded to the attorney was an improper manner by which to lay a proper foundation to impeach the attorney. The absence of a statement in a deposition does not serve to impeach a statement made at trial. Consequently, we find no error here.
Regarding the wife’s contention that the trial court should have allowed her to question the attorney about the amount of attorney’s fees paid to his firm in the year 1980 by First State Bank, we fail to see how such testimony would have shed any light on the issues in the present case. It had been shown that the attorney’s firm represented the bank. If error, it was without material injury. Rule 45, Alabama Rules of Appellate Procedure.
The wife also contends that the trial judge erred when he refused to recuse himself. The wife filed a petition for writ of mandamus in this court when the trial judge failed to recuse himself prior to the 60(b) hearing. We denied the wife’s petition. The wife’s argument in the present appeal fails to convince us that our earlier denial of her petition for writ of mandamus was erroneous.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGIIT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.