RUSSELL, Judge.
This is a workmen’s compensation case.
Following an ore tenus proceeding, the Circuit Court of Mobile County found Edna Dodge (employee) to be fifty percent permanently and partially disabled. It further concluded that she suffered a loss in earning capacity of fifty percent. There is no dispute that the employee’s injuries arose out of and in the course of her employment with Lee Apparel Company (employer). Rather, the employee appeals, alleging that the trial court erred in failing to find that she incurred a one hundred percent loss in earning ability. We affirm.
Initially, we note that this court’s review in workmen’s compensation cases is limited to a determination of whether there is any legal evidence to support the trial court’s conclusions. Lewis G. Reed & *340 Sons, Inc. v. Wimbley, 533 So.2d 628 (Ala.Civ.App.1988). If any reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Patterson, 561 So.2d 236 (Ala.1990).
Additionally, this court has held that permanent total disability is the inability to perform one's trade or to obtain reasonably gainful employment. Bankhead Forest Industries, Inc. v. Lovett, 423 So.2d 899 (Ala.Civ.App.1982). Finally, a determination of the proper percentage of disability or loss of earning capacity rests with the trial court, which is in the best position to observe the demeanor of the employee and other witnesses. See Dees v. Daleville Florist, 408 So.2d 155 (Ala.Civ.App.1981).
After carefully reviewing the record, we find that a reasonable view of the evidence supports the trial court’s determination that the employee’s loss of ability to earn was only fifty percent of her former ability. There was testimony by her treating physician that, although he did not think that she was capable of performing her prior job, the employee might consider employment of a sedentary nature.
Furthermore, there was testimony by another physician that the employee “should be able to do the same type of employment that she was doing before her surgery.” The fact that this physician expressed an opinion that the employee was, in fact, capable of sustaining employment clearly supports the trial court’s conclusion that she did not suffer a total loss of earning capacity.
Moreover, the employee argues that the trial court disregarded evidence of other factors which must be considered in determining loss of ability to earn and based its conclusion solely on its corresponding finding that the employee suffered a fifty percent physical impairment. However, there was evidence presented concerning the employee’s age, educational background, employment history, and mental acuity. Because the trial court was, in this instance, the finder of fact, we presume that it considered such evidence as was before it.
Consequently, in light of our standard of review, we cannot disturb the trial court’s determination that the employee suffered only a fifty percent loss of ability to earn. This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., concurs.
ROBERTSON, J., dissents.