This is a workmen's compensation case.
After ore tenus proceedings the court determined that Kline had suffered a fifty percent permanent partial loss of earning capacity. There is no dispute that Kline's injuries arose out of and in the course of her employment with Combined Insurance Company of America (Combined). Kline appeals, contending that there is no evidence to support the court's judgment and that the evidence will only support her contention that she is permanently and totally disabled.
Our review of a workmen's compensation case is limited to determining whether there is any legal evidence to support the court's findings of fact. If any reasonable view of the evidence will support the court's findings, this court must determine if the correct legal conclusions have been drawn therefrom. Ex parte Patterson, 561 So.2d 236 (Ala. 1990). The weight of the evidence is not before this court on appeal in a workmen's compensation case. Bankhead Forest Indus., Inc. v.Lovett, 423 So.2d 899 (Ala.Civ.App. 1982).
"Permanent and total disability" under the Workmen's Compensation Act does not mean absolute helplessness or entire physical disability, but rather the inability to perform one's trade or inability to obtain gainful employment.Bankhead; § 25-5-57(a)(4)(d).
The record reveals that Kline was employed by Combined as an insurance sales agent; her duties required her to go to the homes of Combined's customers and collect installment insurance premiums. On the day of Kline's injury she slipped and fell on the steps to a customer's home in the rain. As a result of this fall, Kline suffered two ruptured discs of her back. Over the next several years Kline underwent four operations on her back. The last was a "fusion" by which sections of her spine were fused together. Kline testified that she still experiences severe pain and that her lifestyle and ability to perform her usual activities have been dramatically limited since her injury.
The record contains the deposition testimony of two of Kline's treating physicians, Drs. Sidney Yarborough and Gerald A. Sweeney; a vocational rehabilitation expert, Dr. Clarence D. Brown, Sr.; and a licensed counselor, Terry Allen Frye. The testimony respecting the extent of disability that Kline has suffered was in contrast. Kline's physicians stated that she suffered a physical impairment ranging from twenty to fifty percent to the whole body. The vocational rehabilitation expert opined that Kline was "presently unemployable" as a result of her injuries and the availability of jobs open to one in Kline's disabled condition.
Kline testified that she was born in 1955 and that she has obtained a general educational development certificate, or "GED." Her work history indicates that she has been employed as a radio operator, a telephone answering service operator, a bookkeeper, a bartender, a personnel and purchasing clerk, records keeper for a textile union, and a legal assistant. The trial court specifically determined that these types of jobs are compatible with Kline's medical restrictions and that Kline is "physically and intellectually" capable of suitable gainful employment. The trial court is not bound by expert testimony, but, having observed the claimant and heard her testimony, is able to exercise its own judgment in reaching a conclusion of fact. See Allen v. Diversified Products, 453 So.2d 1063
(Ala.Civ.App. 1984).
We are unable to say the finding of the trial court that Kline's injury resulted in only partial permanent loss of ability to earn rather than a permanent total disability is unreasonable under the evidence.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and *Page 1240 
this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.