This is a workmen's compensation case. Lonnie Huggins, Jr. (employee) sustained personal injuries while employed by Whitehead Forest Products (employer). He subsequently sought compensation under the Alabama Workmen's Compensation Act *Page 659 
against the employer. After an ore tenus proceeding, the Circuit Court of Marion County issued an order finding that the employee was totally and permanently disabled as a result of three on-the-job accidents. In addition to compensation benefits, the trial court awarded an attorney's fee of 15% of the employee's compensation benefits. Medical benefits were also ordered to be paid by the employer. The employer appeals. We affirm.
The employer raises five issues on appeal. First, it contends that the trial court abused its discretion in allowing the employee to amend his complaint at trial to claim an accident and injury not pleaded in the employee's complaint or added by amendment prior to trial. It next contends that the trial court erred in failing to apply the proper compensation for the employee's loss of hearing in one ear as a result of an on-the-job accident. It also contends that the trial court erred in not allowing impeachment of the employee's medical expert with the introduction of a deposition in which the medical expert allegedly admitted committing perjury in another matter. The employer further contends that the trial court abused its discretion by allowing the employee to give hearsay testimony that he was ordered away from work by a physician who did not testify during the trial. Finally, it contends that the trial court erred when it admitted into evidence, over the employer's objection at the trial, the deposition of a vocational expert without proof that the deposition was admissible pursuant to Rule 32(a)(3), Alabama Rules of Civil Procedure.
We note that this court's review in workmen's compensation cases is a two-step process. Initially, we will look to see if there is any legal evidence to support the trial court's findings. If such legal evidence is found, then we will determine whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods, Inc.,575 So.2d 91 (Ala. 1991). With this limited scope of review in mind, we will consider each of the employer's contentions.
Our review of the record reveals the following pertinent facts: The employee was engaged in cutting and hauling pulpwood for his employer when he suffered, in three separate accidents, injuries to his back, neck, and left ear. At the trial the employee testified that he had injured his back on September 4, 1986, while picking up a piece of wood. He also claimed to have suffered an on-the-job injury to his neck on August 27, 1986. Although the employee did not allege in his complaint an injury to his ear, he testified at the trial that on September 4, 1986, he was working for the employer when a stick struck his ear and that he has not been able to hear in this ear since that date. There was testimony before the trial court from the employee, his wife, and the employee's personal physician; the employee also presented the depositions of a medical expert and a vocational expert. The evidence indicated that as a result of the back injury, the employee cannot work because he cannot bend over, has difficulty sleeping, has pain in his back that extends down through his legs to his feet, and sometimes has numbness in his legs. The employee also testified that he takes pain medication. The trial court determined that the employee, who was 55 years old at the time of the trial, is not a candidate for vocational rehabilitation and found that he was totally and permanently disabled as a result of his injuries.
The employer first says that the trial court abused its discretion by allowing the employee to amend his complaint at trial on December 19, 1988, to claim an accident and injury not pleaded in the employee's complaint or added before trial. This contention is based on the fact that the trial court allowed the employee to amend his complaint, after the trial had begun, to include an on-the-job injury to his ear on September 4, 1986, when a limb went into the ear while he was cutting a bush. This accident and injury became part of the trial court's finding that the employee was totally and permanently disabled. The employer contends that when the trial court allowed the employee to amend his complaint at trial, this resulted *Page 660 
in prejudice to the employer, as it was deprived of notice that it would have to defend this cause. We disagree.
The employee had previously given notice of the ear injury to the employer through the filing of an Employer's First Report of Injury on September 17, 1986. The trial court allowed additional time for the employee to be examined by an ear specialist and for that specialist to be deposed. The employer had opportunity following the trial to petition the trial court to have the employee examined by another ear specialist. The employer's counsel was present at and participated in the deposition of the specialist. The ear injury was brought to the attention of the employer before the live testimony of Dr. John Kerr, the employee's physician, who first examined the employee's ear. The employer examined Dr. Kerr concerning the ear injury and did not request a continuance from the court in order to prepare for this examination. Neither did the employer request time to redepose Dr. Kerr concerning the ear injury.
Rule 15(b), A.R.Civ.P., provides in pertinent part:
 "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in the maintaining of his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. An amendment shall not be refused under subdivisions (a) and (b) of this rule solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The Court is to be liberal in granting permission to amend when justice so requires."
We find that, under this liberal rule for amendments and in the instant circumstances, it was within the trial court's sound discretion to allow the amendment to the employee's complaint at the trial. We further find that the employer was not prejudiced by the allowing of the claim for an ear injury. The employer had been aware of the injury since September 17, 1986. Moreover, because the employee's counsel first became aware of the injury at trial, justice requires that the amendment be allowed.
The employer next says that the trial court erred in failing to apply the scheduled compensation for the employee's loss of hearing in one ear. It maintains that, because the trial court cited the ear injury in its judgment finding the employee totally and permanently disabled, any recovery relating to the ear injury should be restricted to compensation for the loss of hearing in one ear as set forth in Ala. Code (1975), §25-5-57(a)(3)(a)(19), which provides 53 weeks of compensation for the complete and permanent loss of hearing in one ear. We disagree.
In Bell v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968), our supreme court established the rule respecting scheduled allowances in workmen's compensation cases:
 "[A]lthough the injury itself is to only one part or member of the body, if the effect of such injury extends to other parts of the body, and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, then the employee is not limited in his recovery under the Workmen's Compensation Law to the amount allowed under the schedule for injury to the one member."
Bell, 282 Ala. at 646, 213 So.2d at 811 (quoted with approval in United Technologies v. Mims, 549 So.2d 981, 982
(Ala.Civ.App. 1989).
The employee was engaged in work for the pulpwood industry that involved considerable risks — risks that obviously would be increased substantially without full use of his aural faculties. We find that the trial court had ample evidence before it to determine that the employee's ear injury affected other parts of his body and that the *Page 661 
total loss of hearing in one ear significantly affected the employee's ability to earn and to be employed with his body as a whole. Therefore, the employee is not limited in his recovery under the workmen's compensation laws to the amount allowed under § 25-5-57(a)(3)(a)(19).
The employer next says that the trial court erred when it did not allow impeachment of the employee's medical expert, Dr. John W. McFadden, with the introduction of a deposition in which Dr. McFadden allegedly admitted committing perjury in another matter. The employer offered the deposition to impeach Dr. McFadden's testimony given in his deposition taken by the employee. The employer contends that introduction of the impeaching deposition was important because Dr. McFadden was an important witness for the employee and was, in fact, the only medical expert who testified that the employee had any impairment. We do not agree that the court erred when it disallowed introduction of this deposition into evidence.
A party can use a deposition to impeach a witness only if a proper foundation is laid and the evidence sought to be offered relates to a material issue. Pope Quint, Inc. v. Davis,485 So.2d 1134 (Ala. 1986). This court has held that a witness should not be required to answer matters reduced to writing by himself or another and subscribed to him until after the writing has been produced and read or shown to him. Dunn v.State, 277 Ala. 39, 166 So.2d 878 (1964). Where a deposition is not shown to a witness, and the witness is not questioned regarding specific pages in the deposition, the offer is improper and there is no error in refusing the deposition.Worthey v. Worthey, 539 So.2d 270 (Ala.Civ.App. 1988). At Dr. McFadden's deposition for the present case, the employer produced a copy of a document that it alleged to be a copy of a deposition given by Dr. McFadden in a proceeding in Mississippi. The document was not shown to the employee's counsel. During the deposition Dr. McFadden was not shown this deposition when the employer's counsel asked him about his testimony given in the prior deposition. Nor was he allowed, at this time, to read the prior deposition. What is more, the deposition was not attached to Dr. McFadden's deposition as an exhibit of the employer to be preserved for trial. When the employer offered the document at trial, it was not authenticated in any manner. Accordingly, we find that there was no error when the trial court refused to allow introduction of the prior deposition for impeachment purposes at the trial.
The employer next says that the trial court abused its discretion by allowing the employee, over the employer's objection, to give hearsay testimony that he was ordered from work by a physician, Dr. Robert Holcomb, who did not testify during the trial of this cause. It contends that, because the employee testified that Dr. Holcomb took him off work on May 22, 1987, and the trial court's judgment found that the employee became totally and permanently disabled on May 31, 1987, the trial court improperly used the opinion of Dr. Holcomb in finding the date of the employee's disability. We disagree.
We find no evidence whatsoever in the trial court's order to indicate that the court used Dr. Holcomb's opinion when it determined the date of the employee's total and permanent disability. Moreover, there was a substantial amount of legal evidence before the trial court as to the extent of the employee's injuries. Accordingly, we find that it was within the trial court's sound discretion to determine the date of the employee's total disability to be May 31, 1987.
Finally, the employer says that the trial court erred by admitting into evidence at the trial the deposition of Dr. James Crowder, a vocational expert who is not a medical doctor, without proof that the deposition was admissible pursuant to Rule 32(a)(3), A.R.Civ.P. It contends that, since no proof was given at trial that Dr. Crowder could not testify in person or that his deposition could be admitted for any of the reasons set forth in Rule 32(a)(3), his deposition was inadmissible. It maintains that the introduction of Dr. Crowder's deposition over the employer's objection constitutes *Page 662 
reversible error because the trial court found the employee totally disabled and Dr. Crowder was the only expert who testified that the employee was totally disabled. We find that Dr. Crowder's deposition was inadmissible, as it did not meet any of the conditions set forth in Rule 32(a)(3). However, disregarding Dr. Crowder's deposition, we find sufficient evidence in the record, both medical and nonmedical, to support the trial court's finding that the employee is totally and permanently disabled.
Medical testimony is not the only factor that a trial court may consider in determining loss of earning ability. Redi RoastProducts, Inc. v. Burnham, 531 So.2d 664 (Ala.Civ.App. 1988). In the present case the court could have considered testimony of the employee, his employment history, his vocational skills, and the legally admitted testimony of the employee's expert witness, Dr. McFadden, who testified as to the pain of the employee. Other factors that the trial court may have considered are the employee's age and education. DeHart v.Ideal Basic Industries, Inc., 527 So.2d 136
(Ala.Civ.App. 1988).
The legally introduced evidence shows that, at the time of the trial, the employee was a 55-year-old man, who had dropped out of school in the 5th grade and who was unable to read. He had spent his entire adult life as a manual laborer. In addition to a total loss of hearing in one ear, he had suffered injuries to his back and neck which caused him to remain in bed for several hours each day. Testimony from Dr. McFadden indicated that the employee could not stoop, bend, or stand without aggravating these injuries.
While Dr. McFadden testified in his deposition that the employee had a permanent partial impairment rating of 15% to his body as a whole, the determination of the proper percentage of disability rests with the trial court in a workmen's compensation case, which is in the best position to observe the demeanor of the employee and other witnesses. Dodge v. LeeApparel Co., 567 So.2d 339 (Ala.Civ.App. 1990). This court has held that permanent disability is the inability to perform one's trade or to obtain reasonably gainful employment.Bankhead Forest Industries, Inc. v. Lovett, 423 So.2d 899
(Ala.Civ.App. 1982). After carefully reviewing the record and applying our very limited standard of review, we conclude that a reasonable view of all the legal evidence supports the trial court's finding that the employee was totally and permanently disabled as a result of his injuries, and no reversible error occurred.
Therefore, we affirm the judgment of the trial court.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.