ROBERTSON, Presiding Judge.
Donald Parker filed this action against Campbell Piping Contractors, Inc. (Campbell) for workmen’s compensation benefits because of an injury to Parker’s back and right shoulder, allegedly suffered while working as an iron hanger and connector for Campbell.
After an ore tenus proceeding, the trial court found that an employment relationship existed between the parties on the date of the accident and that both parties were subject to the Workmen’s Compensation Act of Alabama. The trial court also found that Parker was rendered permanently and totally disabled because of his on-the-job accident, and ordered Campbell to pay benefits, medical expenses, and attorney’s fees. Due to Parker’s functional illiteracy and a severe learning disability, the trial court further found him to be incapable of retraining or rehabilitating for work in another field. Campbell appeals.
In reviewing workmen’s compensation cases, this court must first look to see if there is any legal evidence to support the findings of the trial court. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
Campbell argues on appeal that there is no legal evidence to support the trial court’s findings that Parker is unable to obtain, or to be retrained for, gainful employment, or that Parker is permanently and totally disabled. In § 25-5-57(a)(4)d, Code 1975, permanent total disability is defined as “any physical injury ... resulting from an accident, which injury ... permanently and totally incapacitates the employee from working at and being retrained for gainful employment....” The law is well settled in Alabama that to suffer permanent total disability, an employee does not have to be absolutely helpless or entirely physically disabled, only that the employee be unable to perform his trade or unable to obtain gainful employment. Kline v. Combined Ins. Co. of Am., 570 So.2d 1238 (Ala.Civ.App.1990).
On the date of the accident, Parker was changing the flooring in a tall, missile-shaped tank when the floor on which he was standing collapsed, causing him to fall eight to ten feet to the next lower level. Parker complained of dizziness but managed to work for another several hours. The next day, however, Parker went to see Dr. Wallace, an orthopedist.
Upon examination, it was discovered that Parker suffered from a herniated lumbar disc. When surgery was considered, Dr. *328 Wallace transferred Parker’s case to one of his associates, Dr. McLeod, who performed a diskectomy on Parker. Dr. McLeod testified that Parker would never be able to resume the heavy manual labor he had performed earlier for Campbell. Also, Dr. McLeod stated that Parker could lift a maximum of twenty pounds, but could only lift five to ten pounds on a repetitive basis, and that could be done only from a tabletop level. According to Dr. McLeod, Parker could not perform a job which required climbing, stooping, or bending, but could only perform a job which required intermittent standing and sitting.
Ms. Sharon Young, a senior physical therapist at Rotary Rehabilitation Hospital, primarily involved in the Pain Management Program, testified that she had worked with Parker on rehabilitation and pain management since August 1990. She testified that, in her opinion, Parker put forth his best effort; however, he was only able to lift a pillow or padded bolster eight or nine times from a level eight inches from the floor before onset of increased pain in the right sacroiliac region and buttock or hip. She testified that it usually took four or five minutes for Parker to make the eight or nine lifts, because he would take a brief rest and then try again, and that he was unable to lift an object from floor level even once without exacerbating his lower back pain. She further testified that Parker could only sit for short periods of time before experiencing increased back pain.
Concerning the possibility of retraining, Ms. Barbara Scarbrough, an adult educator-instructor with the Mobile County School Systems, testified that, following his injury, Parker enrolled in an adult basic education course offering daily classes in English, math, science, etc. Ms. Scarb-rough further testified that Parker’s inability to read or write, despite his age of 39, quickly became apparent when she noticed that he could not fill out the enrollment sheet, he could not write his address, and he recognized his name in writing but that was all. After nearly two years of classes, Parker recently tested as reading on a level of first grade, second month. His arithmetic skills were at the same level. Ms. Scarbrough testified that Parker had found her class on his own initiative through the Literacy Council, that he attended classes regularly, that he is a very diligent student, and that he is still attending her classes, but it would take many years for him to reach a fourth grade level.
Ms. Martha Jo Blount, a vocational evaluator on staff at the Rotary Rehabilitation Hospital, also evaluated Parker for vocational skills and interests and for academic levels. She testified that she found no appropriate jobs available for Parker in the Mobile area considering his learning disabilities, limited intellectual capabilities, and physical restrictions.
In addition to these witnesses, the trial court had the opportunity to view Parker firsthand and to receive his own testimony. In short, Parker has worked solely in the iron working field for approximately twenty years. Since his accident, which occurred while working for Campbell, Parker testified that there is not a day that goes by in which he does not experience constant pain in his lower back. Although Parker subsequently accepted a job with Mobile Woodworking, this pain forced him to quit. Despite the physical problems encountered by Parker on this job, the trial court found that this type of work, assembling wooden baskets and receiving eight to twelve cents per basket as compensation, did not constitute gainful employment; however, if it was, Parker was unable to remain employed in that capacity for any period of time because of pain.
Upon reviewing the record, we find that there is legal evidence to support the trial court’s findings that Parker is unable to obtain, or be retrained for, gainful employment and that Parker is permanently and totally disabled, and we hold that a reasonable view of that evidence supports the trial court’s judgment.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ„ concur.