This is a workmen's compensation case.
In September 1990 Brenda K. Guerin (employee) filed a complaint alleging that she was injured in the course of her employment as an assembly line worker for Acustar, Inc. (employer).
In November 1990 the employer filed a motion to dismiss, which was denied; the case was then given a trial date of March 19, 1991. On March 13, 1991 the employer's counsel filed notice of his intent to take the deposition of Dr. Dean Willis, one of the employee's attending physicians. The employee's counsel filed an objection to the taking of the deposition. This objection was not ruled on by the court. The deposition was taken on March 15 without the employee's counsel in attendance.
An ore tenus proceeding was held as scheduled on March 19. At the conclusion of the employee's case, the employer's counsel sought to introduce Dr. Willis's deposition testimony. The employee's counsel objected, stating that the deposition had been taken without reasonable notice to him. The trial court sustained the objection, and the employer then requested a continuance in order to redepose Dr. Willis. This request was denied and the case went forward, without the deposition in evidence.
The trial court subsequently entered judgment for the employee, finding that she was permanently totally disabled. The employer filed a motion to reopen the evidence, or in the alternative, to amend the judgment. Through this motion, the employer again sought to introduce Dr. Willis's deposition into evidence. The motion was denied and the employer appeals.
The first issue raised is whether the trial court abused its discretion by denying the employer's request for a continuance. *Page 1031 
The granting of a continuance is purely a matter of grace, and not of law; thus, it is within the trial court's discretion to grant or deny such a motion. Scullin v. Cameron,518 So.2d 695 (Ala. 1987). To warrant a continuance because of the absence of evidence, the movant must show that (1) the expected evidence will be material and competent, (2) the testimony can probably be obtained at a future date to which the cause can be continued, (3) the movant has exercised due diligence to secure the absent testimony, (4) the expected evidence is credible and will probably affect the result of the trial, (5) the evidence is not merely cumulative or impeaching, and (6) the motion for continuance is not made merely for the purpose of delay.Mitchell v. Moore, 406 So.2d 347 (Ala. 1981), citing Ex parteDriver, 258 Ala. 233, 62 So.2d 241 (1952).
In this case, we do not find that all of the above factors were shown by the employer's counsel. Indeed, the trial court specifically found that the employer's counsel had not exercised due diligence in properly obtaining the testimony prior to trial. The court pointed out that, although the trial had been docketed for four months, the employer's counsel waited until four days before the proceeding to depose Dr. Willis. The court also noted that the employer's counsel did not notify the employee's counsel of the deposition until two days before it was taken; as a result, the employee's counsel was unable to attend the deposition. The trial court denied the continuance specifically because it found that the employer's delay in taking the deposition and its failure to timely notify the opposing counsel were unreasonable under the circumstances. After reviewing the record, we agree that the employer's counsel failed to show that he exercised due diligence regarding the deposition. Accordingly, we cannot say that the trial court's denial of the continuance amounted to an abuse of its discretion.
The employer next argues that the trial court erred in denying the postjudgment motion to reopen the evidence and admit Dr. Willis's deposition. To bolster this argument, the employer reemphasizes the importance of Dr. Willis's testimony and claims that it would certainly have altered the trial court's judgment.
The trial court is vested with the authority to grant or deny a postjudgment motion to vacate a judgment, and we will examine its ruling only to determine whether there has been an abuse of this discretion. Lockhart v. Phenix City Inv. Co.,488 So.2d 1353 (Ala. 1986). Such an abuse of discretion exists only where a legal right has been breached and the record plainly shows that the trial court was in error. Lockhart.
Upon review of the record, it appears that the testimony of Dr. Willis might controvert some of the evidence presented by the employee at trial. However, we cannot say that it would "certainly" have altered the trial court's judgment in this matter. Indeed, in a workmen's compensation case the trial court is not bound by expert testimony; having observed the claimant and heard her testimony, the court is able to exercise its own judgment in assessing the extent of her disability.Kline v. Combined Ins. Co. of America, 570 So.2d 1238
(Ala.Civ.App. 1990).
At trial the employee gave detailed, albeit subjective, testimony about the continuing pain arising from her injury. The employee stated that the pain prevented her from sleeping and from engaging in any activity for an extended period. The record shows that the employee exhibited signs of this pain throughout the trial.
In its order, the trial court specifically stated that its judgment was based on its own observations of the employee, as well as all the other factors presented at trial. As noted above, Dr. Willis's deposition was not admitted into evidence and, consequently, does not enter into the trial court's judgment. Even had it been a part of the evidence, we do not believe the outcome of the trial would necessarily have been different, because the court was not bound by such testimony.Kline. *Page 1032 
The court's judgment is supported by the evidence in the record and is based in part on the court's observations of the witness and her subjective reports of debilitating pain. In view of all this, we cannot find that the trial court's denial of the motion amounted to an abuse of discretion. There being no further issues raised, the judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.