THIGPEN, Judge.
This is a workmen’s compensation case.
Billy Ray Click filed a workmen’s compensation claim in July 1989, alleging, inter alia, on-the-job injuries in June 1986 and April 1987, while employed with Western Auto Supply Company (Western Auto). Following the filing of Western Auto’s answer, generally denying the claim, together with special defenses, Western Auto moved for partial summary judgment as to the claim for injuries on the basis that the claim was filed after the expiration of the two-year statute of limitations. Partial summary judgment was granted as to these claims, and Click filed an amended complaint alleging injuries occurring on three occasions, namely June 22, 1986, April 9, 1987, and June 24,1987. Summary judgment having been granted as to the June 1986 and April 1987 injuries, the case was tried as to the June 24, 1987, injury. Following ore tenus proceedings, the trial court entered its written findings and judgment favoring Western Auto. Hence, this appeal’.
The single issue on appeal is whether the trial court erred in holding that Click had “not suffered any degree of permanent partial disability related to the June 24, 1987 injury.” In its order, the trial court specifically noted that the case was tried on the testimony of Click and a vocational expert, numerous exhibits, and voluminous testimony from five physicians and an additional vocational expert.
The record reveals that Click testified in detail to a series of injuries dating back to 1984, some work-related and some not. He testified that while working for Western Auto in June 1986, an hydraulic device was lowered onto his right foot, seriously injuring his great toe and that the same foot and toe were again injured in April 1987, when he stumped his toe while removing himself from beneath another such device. While Click’s own testimony conflicts regarding the number of such injuries, the amended complaint alleged a third injury in June 1987, based upon facts similar to those of the April 1987 injury. Click further testified to various falls from his porch, down stairs, and in his yard during 1987 and 1988. In some of these falls, he sprained his ankle, injured his left and right legs, and pulled a hamstring muscle. The record indicates that Click has suf *1209 fered from thrombophlebitis and has some synovitis.
The trial court noted that Click is 5T0" tall and weighs approximately 260 pounds. In its order, the trial court found that “[t]he combination of all the medical testimony is such that the great preponderance of the evidence is that no assignable degree of disability can be attributed to the injury here at issue and any effort to do so by this Court would be a strained interpretation of the evidence and would amount to speculation at best. Hence, the Court finds plaintiff has not suffered any degree of permanent partial disability related to the June 24, 1987 injury....”
The standard of review in workmen’s compensation cases is a two-step process; initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings; if such evidence is found, the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
A detailed recitation of the record evidence serves no purpose. While some of the evidence may conflict and confuse, it is clear that most of the medical evidence fails to suggest any direct causal connection between the June 24, 1987, injury, and Click’s subsequent injuries and medical problems. Some of the medical evidence indicates that Click’s medical problems and injuries may be related to his excess weight and “sedentary lifestyle” and that there is no way to prove what caused the thrombo-phlebitis. A claimant must prove a causal connection between his work and injuries, to be compensated. B.F. Goodrich Co. v. Skelton, 473 So.2d 539 (Ala.Civ.App.1985). In arriving at its judgment in workmen’s compensation cases, the trial court considers all the evidence before it, including its own observations of the witnesses, and then interprets what it has heard and observed according to its best judgment. Fisher v. Bruno’s Food Stores, Inc., 588 So.2d 488 (Ala.Civ.App.1991). While there may have been some expert testimony suggesting a causal connection between the June 1987 injury and Click’s subsequent medical problems, nevertheless, the trial court is not bound by such expert testimony, but having observed the witness and having heard his testimony, is able to exercise its own judgment in reaching conclusions of fact. Kline v. Combined Insurance Co. of America, 570 So.2d 1238 (Ala.Civ.App.1990). Moreover, this court does not reweigh evidence; rather, factual findings of the trial court based on conflicting testimony are conclusive. Smith v. Colonial Bank, 578 So.2d 1364 (Ala.Civ.App.1991).
There being no evidence that the June 1987 injury resulted in any degree of disability, and there being a preponderance of evidence reflecting that Click’s subsequent injuries and medical problems are unrelated to or cannot be causally connected with the June 1987 injury, we think a reasonable view supports the judgment of the trial court; accordingly, for the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.