This case involves post-divorce proceedings.
In June 1985, George Kenneth Kent (father) and Christine Marie Kent (mother) were divorced. Custody of their minor children was awarded to the mother, with the father being ordered to pay child support and attorney's fees. Also, the father was held in contempt for what the trial court labeled "deceitful, dishonest, and untruthful" behavior. Subsequently, other contempt orders were entered against the father because of, among other things, his failure to pay the child support and attorney's fees as ordered in the divorce judgment.
In December 1987, the trial court ordered that certain of the father's newly acquired Social Security benefits were to be applied toward his past-due child support and attorney's fee obligations. In May 1988, the trial court entered an order clarifying and restating the past-due amounts owed by the father. Specifically, the trial court stated that the original attorney's fee still owed was $3,995 and that the father's child support arrearage totalled $315.50. The trial court also ordered the father to pay $250 as an attorney's fee for that particular proceeding. According to the trial court, the May 1988 order supplanted and replaced all prior orders as they related to the father's past-due obligations. Finally, the trial court provided that the father, beginning in June 1988, was to begin making payments of $35 per month to the court clerk in retirement of the above-mentioned obligations. Also, the father was to be credited with $38 per month for payments made to the parties' youngest daughter from the father's Social Security benefits.
In April 1992, the father filed a motion with the trial court to discontinue the payments ordered in the May 1988 order because, according to him, the entire amount had been overpaid. Following instructions by the trial court, the court clerk reported that, as of May 1992, the father had paid $1,680.00 into court. Consequently, the father's motion to discontinue payments was denied in June 1992, and he then filed a post-judgment motion "TO AMEND, ALTER OR VACATE JUDGMENT OF JUNE 8, 1992." Following the denial of his post-judgment motion, the father appealed pro se to this court.
First, the father argues that the trial court erred in denying his post-judgment motion since, according to him, the court clerk submitted an erroneous report as to the amount of payments actually made by him. Also, he claims that the court clerk failed to report the $38 monthly credit attributable to the father's Social Security benefits. The father contends that such errors are correctable by motions pursuant to Rules 59(e) or 60(b), Alabama Rules of Civil Procedure. *Page 601 
We first note that a trial court has the authority to grant or deny a Rule 59(e), A.R.Civ.P., motion to alter, and our review of such a ruling is limited to whether there has been an abuse of discretion. Acustar, Inc. v. Guerin, 593 So.2d 1029
(Ala.Civ.App. 1992). Such an abuse exists only where there has been a breach of a legal right and where the record plainly shows the trial court to be in error. Id. Furthermore, a trial court has broad discretion in ruling on a Rule 60(b), A.R.Civ.P., motion, since such relief is an extreme remedy and should be used only under exceptional circumstances. Worthey v.Worthey, 539 So.2d 270 (Ala.Civ.App. 1988). Our review is limited to whether the trial court abused its discretion, and we will not review the merits, the correctness, or the equity of the underlying judgment. Id.
Here, the only evidence (which relates to the father's first issue) contained in the sparse record on appeal is two court clerk's payment sheets which the father attached as exhibits to his post-judgment motion. The payment sheets contain 49 entries beginning in June 1988 and ending in June 1992. These entries reflect that the father paid $35.00 each month for 49 months (for a total of $1,715) toward his prior attorney's fee and child support obligations. Also, the payment sheets reveal that the father is to be credited for $38 per month aside from the regular cash payments. Over the 49-month period, such credits would total $1,862. According to these payment sheets, the total amount of monies which the father can claim as payment toward his prior obligations is $3,577 ($1,715 + $1,862). This amount falls short of the amount stated in the May 1988 order as being owed by the father. Consequently, we cannot say that the trial court abused its discretion in denying the father's post-judgment motion.
The remaining issues argued by the father relate to provisions contained in the trial court's orders of December 1987 and May 1988, and to the original divorce decree of 1985. Since the father's "Notice of Appeal" states that he is appealing only from the July 1992 denial of his motion to alter, we pretermit any review of prior orders. We note, of course, that the time for appealing as to such orders has long since expired. Rule 4(a)(1), Alabama Rules of Appellate Procedure. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.