L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced on September 1, 1993. The judgment of divorce incorporated an agreement of the parties. The husband filed a timely Rule 60(b), Alabama Rules of Civil Procedure, motion to have the judgment, in pertinent part, set aside. Following oral proceedings, the trial court granted the husband’s motion. The wife appeals.
*847 The record reflects that the parties were married for 36 years. In late 1992 the wife discovered that the husband was engaged in an extramarital affair. On December 4, 1992, she withdrew $56,000 from the parties’ savings account at Redstone Federal Credit Union (Redstone savings account) and $25,-000 from their joint checking account. The husband requested that she return the money to the accounts. The wife returned the money to the Redstone savings account, but failed to return the money to the checking account.
The husband testified that the Redstone savings account was his account. The wife was listed as co-owner of the account. The husband testified, however, that the wife did not make any contributions to the account and that she had never made any withdrawals from the account, except the withdrawal made on December 4, 1992. It was his understanding that the wife had always considered the Redstone savings account to be his account.
In January 1993 the parties separated. On January 28, 1993, the husband withdrew $6,000 from the Redstone savings account in order to furnish his new residence.
The parties began divorce negotiations. The husband told the wife that all he wanted was his ear, his clothing, and the Redstone savings account. The wife was to receive $1,000 per month for one year in periodic alimony; stocks, valued at $130,000; an IRA, valued at $13,000; a tax-deferred annuity, valued at $50,000; deferred compensation, valued at $40,000; the checking account, valued at $25,000; the marital home and all the furnishings, valued at $110,000; and a vacant lot, valued at $75,000.
At the time of the divorce the husband was employed as an engineer, earning approximately $77,000 per year. The wife had an AA teaching certificate and was earning approximately $40,000 per year.
On July 20, 1993, the wife, without the husband’s knowledge, withdrew the funds from the Redstone savings account and deposited them into her account. She testified that the parties’ negotiations had been finalized prior to her withdrawal of July 20, 1993. She felt, however, that she was entitled to the Redstone savings account, and she wanted to make sure that the husband did not get it and spend it on his girlfriend.
On August 28, 1993, the wife gave the husband a copy of the agreement drawn up by her attorney. The husband did not have an attorney. On August 30, 1993, the husband signed the agreement at the office of the wife’s attorney. The agreement conformed to the parties’ negotiations. Among other things, the husband was awarded the Redstone savings account. The divorce became final on September 1,1993.
While investigating a possible investment opportunity, the husband discovered on November 23,1993, that the wife had withdrawn the funds from the Redstone savings account. This was the first time the husband had become aware that the funds had been withdrawn by the wife. He testified that he had not checked the status of the account since January 1993, when he made the $6,000 withdrawal. He stated that he did not routinely cheek the monthly statements and that he never had. He did not think it was necessary since he was the only one who made the deposits and the withdrawals.
On December 2, 1993, the husband filed a motion pursuant to Rule 60(b), Ala. R.Civ.P., requesting that the trial court set aside the judgment of divorce. He alleged that the wife had fraudulently allowed the agreement to be executed, giving him the Redstone savings account, knowing that she had already withdrawn the funds. Following oral proceedings, the trial court ordered the wife to pay to the husband $56,668.11, plus the interest accrued. All other provisions of the judgment remained in full force and effect.
The wife appeals and asserts that the trial court erred in setting aside the judgment of divorce and in ordering her to return to the husband the funds which she withdrew from the Redstone savings account.
In his complaint the husband requested that the judgment be set aside pursuant to Rule 60(b)(3) or, in the alternative, Rule 60(b)(6). In his brief on appeal, however, the husband asserts that the judgment was prop *848 erly set aside pursuant to Rule 60(b)(3). Due to the facts of this ease and the timeliness of the post-judgment motion, we find that the motion necessarily falls within the parameters of Rule 60(b)(3). Pacifico v. Jackson, 562 So.2d 174 (Ala.1990).
Rule 60(b)(3) provides that a judgment may be set aside if the trial court finds that the judgment was entered based on “fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.” Rule 60(b)(3).
Relief from a judgment under Rule 60(b) is proper only where the moving party shows exceptional circumstances which justify relief. Grover v. Grover, 516 So.2d 667 (Ala.Civ.App.1987). A trial court has wide discretion to set aside a judgment which it deems invalid because of fraud practiced by a party in the procurement of the judgment. Reynolds v. Reynolds, 516 So.2d 663 (Ala.Civ.App.1987). Because the trial court possesses such wide discretion, its judgment will be affirmed on appeal unless there is an abuse of that discretion. Reynolds.
After a careful review of the record, we find that the trial court did not abuse its discretion in granting the husband’s Rule 60(b)(3) motion. The evidence reflects that the parties agreed prior to July 20,1993, that the husband would receive the Redstone savings account, which at that time contained approximately $56,000. The wife withdrew the funds without notifying her attorney or the husband. The wife stated that she never intended for the husband to have the proceeds, either because of a fear that he would spend the money on another woman or simply because she did not want him to have the money for any reason. Based on the wife’s comments, on her knowledge that the husband did not routinely cheek on the status of the Redstone savings account, and on her withdrawal of the funds without the advice or knowledge of her attorney, it appears that she clearly had no intention of complying with the agreement that she negotiated.
The trial court heard the evidence and observed the witnesses. It is our opinion that the trial court’s appraisal of the evidence and its ensuing grant of the Rule 60(b)(3) motion was particularly appropriate in this instance. Pacifico.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
THIGPEN, YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.