YATES, Judge,
dissenting.
Because I believe that the trial court abused its discretion with regard to the one-year limitation placed on the duration of alimony, I must respectfully dissent.
A trial court has the authority to grant or deny a motion to alter, amend, or vacate a judgment, and our review of such a ruling is limited to determining whether there has been an abuse of discretion. Kent v. Kent, 624 So.2d 599 (Ala.Civ.App.1993). “Such an abuse exists only where there has been a breach of a legal right and where the record plainly shows the trial court to be in error.” Id., at 601.
Issues concerning the award of periodic alimony and the division of marital property are matters of judicial discretion and rulings on those matters will not be reversed on appeal except for plain and palpable abuse. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994). The factors that a trial court should consider in determining an award of alimony and in dividing marital property include: future prospects of the parties; their ages, health, station in life, and length of the marriage; and in appropriate situations the parties’ conduct with reference to the cause of the divorce. Id. These factors should also be considered by the trial court when it is determining the duration and amount of alimony. Id. Further, while the division of property is not required to be equal, it must be equitable. Newton v. Newton, 655 So.2d 1033 (Ala.Civ.App.1995).
At the time of the divorce proceedings, the parties had been married 13 years; their sons were ages 11 and 9. The husband was 36 years old and was employed as an engineer, earning approximately $4333 per month. The wife was 38 years old, was in good health, and was employed as a school bus driver, earning approximately $743 per month. The parties had no debts except for the debt secured by the mortgage on the marital residence.
The wife testified that she had attended college for one year and that she had training in the areas of accounting, bookkeeping, typing, and computers. Before the birth of the first child, the wife was employed by a grocery store as a bookkeeper, earning approximately $1232 per month, and also as an insurance coordinator with a health care provider, earning approximately $5 per hour. After the first child was born, the wife did not return to work full-time until she began driving the school bus; however, she did have several part-time jobs including selling cosmetics, baby-sitting, and cleaning houses. Although the trial court found the wife to be underemployed, she testified that she is willing, and has attempted, to find other employment to improve her earnings level.
“The purpose of periodic alimony is to provide financial support for the recipient spouse, and it may be modified in the future, based upon changed circumstances.” Kluever v. Kluever, 656 So.2d 887, 889 (Ala.Civ. *1371 App.1995). There was no evidence to indicate that her circumstances will substantially improve within one year. See Kluever. Based on the factors to be considered and the great disparity in incomes, I would reverse that portion of the amended judgment limiting the wife’s receipt of alimony to a one-year period, and remand the case for the trial court to award permanent periodic alimony at the rate of $400 per month.